(No. 1786— )

J. O. CARDIN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 11, 1934.*

B. W. EOVALDI AND MOSES PULVERMAN, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

This claim was filed July 3, 1931, for "a certain sum of money each month during the existence of claimant's disability." The declaration alleges that claimant went to work as a night guard at Stateville State Prison on October 8, 1929, and continued to work until December 18, 1930; that prior to such employment he was examined by Dr. M. Harris and was found physically fit as to his nervous system and physical being; that during his service as a prison guard, he worked thirteen or fourteen hours per night; was compelled to sit in a little sentry box with glaring lights in his face; that he had to call the prison operator every fifteen minutes during the night hours; and that in the daytime it was impossible for him to sleep because of the constant work and noise by other employees of the prison; that some time during August, 1930, lightning struck a post nearby which added to his nervous condition and that in November, 1930, he fell on the ice on his way to work and that he hurt his side and ribs; that claimant's condition gradually weakened and he went to the Speedway Hospital in Chicago on June 30, 1930; was sent from there to the Government Hospital at Danville, Illinois; obtained two months leave of absence, during which time he was attended by a physician; that he returned to Stateville Prison on August 25, 1930, and worked until December 16, 1930, when he had a nervous breakdown and that he left the institution on December 18, 1930. The complaint is in the nature of a general petition for a permanent pension of such amount as may appeal to the equitable mind of the court.

Counsel for claimant in their statement and brief (page 14) state as follows:

"We admit that under the decisions of this court the State, as a matter of law, is not liable for injuries sustained by its employees while in the discharge of their duties, but we submit that under the peculiar circumstances of this case, it is one with great merit and in equity and good conscience and in the interest of social welfare and justice the court should enter an award in favor of this man."

Plaintiff cites a number of cases appearing in Volume 4, C. of C. Reports, wherein the court held that, although no legal

basis for an award existed a recommendation would be made that the Legislature make an appropriation as an act of social justice and equity.

We believe the correct rule for the consideration of claims of this character is fully considered and set forth in the case of *Crabtree* vs. *State*, 7 C. C. R. 207, wherein it is said:

"Claimant urges, however, that he should be awarded compensation as an act of justice and equity regardless of the principles of law involved. The jurisdiction of this court is fixed by law and it has no powers except those given by the Act creating it. Section six (6) of that Act provides: 'The Court of Claims shall have power to hear and determine all claims and demands, legal and equitable, liquidated, and unliquidated, ex contractu and ex delicto, which the State, as a sovereign commonwealth, should in equity and good conscience discharge and pay'. It is obvious from the language of this Statute that no claim against the State can be allowed by this court unless there is either a legal or equitable obligation resting upon the State to pay a claim, then justice requires that the State should pay it * * *.

"Claimant's idea seems to be that equity is used in this Statute as nothing more nor less than the power of the court to decide each case according to a high standard of morality and abstract right, regardless of the law. Such a construction would leave this court with practically no limitation upon its power to render judgments against the State."

"Before a claimant can have an award against the State he must show he comes within the provisions of some law making the State liable to him for the amount claimed. If he cannot point to any law giving him the right to an award, he cannot invoke the principle of equity to secure the award. Where there is no legal liability, equity cannot create one."

The record shows that the claimant was situated the same as all other guards at the prison and performed the same duties as such other guards. Every other guard at every prison in the State might with equal right present a similar claim. There is no law of the State that would justify this court in making an award to an employee under such circumstances. Nothing appears to justify such an award and the claim is therefore denied and case dismissed.